UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE E. JONES,<br>CDCR #BU-7712,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO CENTRAL JAIL;<br>GEORGE BAILEY DETENTION<br>FACILITY; VISTA DETENTION<br>FACILITY; and OCEANSIDE POLICE<br>DEPARTMENT,<br><br>                              Defendants. | Case No.:  23-CV-347 JLS (AGS)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Wayne E. Jones ("Jones" or "Plaintiff"), proceeding pro se and currently incarcerated at Wasco State Prison ("WSP"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1.  While his pleading is difficult to decipher, it appears Jones seeks to hold various San Diego County Sheriff's Department jail and detention facilities, as well as the Oceanside Police Department, liable for unlawfully arresting, assaulting, harassing, and racially discriminating against him while he was held in their custody on unspecified occasions from 2020 through 2022 based on a "crime [he] didn't commit." *Id.* at 1–5.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Jones has not paid the $402 in filing and administrative fees required to commence a civil action in federal court, nor has he requested leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## CONCLUSION

In light of the foregoing, the Court:

(1) **DISMISSES** this civil action **WITHOUT PREJUDICE** based on Plaintiff's failure to either pay the $402 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff <u>forty-five (45) days' leave</u> from the date of this Order to reopen the case by either: (a) paying the entire $402 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP that includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

In light of Jones's incarceration, the Court further **DIRECTS** the Clerk of the Court to provide him with its approved form "Motion and Declaration in Support of Motion to Proceed *in Forma Pauperis*." ***If Jones fails to either prepay the $402 civil filing fee <u>or</u> complete and file the enclosed Motion to Proceed IFP with the Clerk <u>within 45 days</u>, however, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and without further Order of the Court.***[2]

**IT IS SO ORDERED.**

Dated: March 8, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[2] Jones is cautioned that if he chooses proceed with this action, his Complaint will be subject to an initial screening pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B), regardless of whether he elects to pay the full $402 filing fee at once or is granted leave to proceed IFP and remains obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").